UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:19-CV-23509

ANTONIO CABELLO MARTORELL,

    Plaintiff,

vs.

ALL MIAMI INVESTMENT INC. and
MIGUEL ZALDIVAR,

    Defendants.
_____/

## COMPLAINT

Plaintiff, Antonio Cabello Martorell, sues Defendants, All Miami Investment Inc. and Miguel Zaldivar, as follows:

### *Parties, Jurisdiction, and Venue*

1. **Plaintiff, Antonio Cabello Martorell**, was and is a resident of Miami-Dade County, Florida, at all times material, and he is *sui juris*.

2. Plaintiff was a non-exempt employee of Defendants.

3. Plaintiff consents to join in this lawsuit.

4. **Defendant, All Miami Investment Inc.,** is a Florida for-profit corporation that is authorized to conduct and that actually conducts its tour and rental business in Miami Beach, with its principal place of business within Miami-Dade County, Florida, and it is *sui juris*.

5. **Defendant, Miguel Zaldivar,** was at all material times a resident of this District; he was and is its, owner, officer, director, and/or operator of the corporate Defendant for the relevant time period. He ran its day-to-day operations and was partially or totally

1

responsible for paying Plaintiff's wages.

6. Defendants were direct employers, joint employers and co-employers for purposes of the FLSA, as that term "employer" is defined by 29 U.S.C. §203 (d).

7. Both Defendants employed the Plaintiff.

8. Venue is proper pursuant to 28 U.S.C. §1391(b)(ii) because Defendants transact business in this District, because Defendants employed Plaintiff in this District, because Plaintiff worked in this District, because Defendants paid Plaintiff in this District, and because most of the actions complained of occurred within this District.

9. This Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 and supplemental/pendent jurisdiction over Plaintiff's related state law claim(s).

### *Background Facts*

10. Defendants regularly employed two or more employees for the relevant time period that handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendants' business an enterprise covered by the Fair Labor Standards Act.

11. In particular, Defendants own and operate a tour company which provides services that, traditionally, cannot be performed without using goods, materials, supplies, and equipment that have all moved through interstate commerce.

12. Defendants engage in interstate commerce in the course of their marketing, selling, and conducting tours for persons who arrive from outside of the State of Florida using bicycles, Segways, computers, computer networking equipment, materials, goods and supplies that were manufactured and/or assembled outside of the State of Florida.

13. Defendants then regularly and routinely send and receive electronic information outside of the State of Florida through email as well their regular and recurrent submission of payments, and receipt of payments involving out-of-state payors using telephone lines and/or the Internet.

14. Defendants' annual gross revenues derived from this interstate commerce are believed to be in excess of $500,000.00 for the relevant time period.

15. Defendants also advertise their business and market their tours and rentals on the Internet at https://www.southfloridatrikke.com/, a site that Defendants registered through Google, LLC, a foreign corporation.

16. Defendants also allow patrons to book tours and/or rentals through the e-commerce portion of their website at https://fareharbor.com/southfloridatrikketours/items/?flow=18408.

17. Plaintiff's work for Defendants was actually in or so closely related to the movement of commerce while he worked for Defendants that the Fair Labor Standards Act applies to Plaintiff's work for Defendants.

18. As part of his work, Plaintiff was required to take tourists who arrived from outside of the State of Florida on tours in and around Miami Beach, Florida.

19. Plaintiff worked for Defendants from the approximately the middle of September 2017 to approximately August 2018 and then again from approximately May 2019 to approximately July 29, 2019.

20. Plaintiff was routinely required to work approximately 70 hours per week for Defendants.

3

21. Since Defendants did not comply with the FLSA by not providing Plaintiff with a breakdown of the hours he worked or pay that he received for that work, his recollection is that Defendants would pay him in cash at a rate of $250 per week for his work from approximately the middle of September 2017 to approximately June 2018, at a rate of $350 per week from approximately July 2018 to approximately August 2018, and then at a rate of $75 per day from approximately May 2019 to July 29, 2019.

22. To the extent that records exist regarding the exact dates of Plaintiff's employment and the pay for those days, such records are believed to in Defendants' exclusive custody.

23. Any/all conditions precedent to filing this lawsuit occurred and/or was satisfied by Plaintiff.

24. Plaintiff retained the undersigned counsel and agreed to pay a reasonable fee for all services rendered.

## **COUNT I – FLSA MINIUM WAGE VIOLATION(S)**

Plaintiff, Antonio Cabello Martorell, reincorporates and re-alleges all preceding paragraphs as though set forth fully herein and further alleges as follows:

25. Defendants thus failed and refused to pay Plaintiff at least a minimum wage for all of the hours Plaintiff worked each week for Defendants.

26. Defendants either recklessly failed to investigate whether their failure to pay Plaintiff an at least a minimum wage for the hours he worked during the relevant time period violated the Federal Wage Laws of the United States, they intentionally misled Plaintiff to believe that Defendant were not required to pay him at least a minimum wage, and/or Defendants concocted a scheme pursuant to which they deprived Plaintiff the minimum wage pay he earned.

27. Plaintiff is entitled to a backpay award of the difference between the pay he received and the applicable minimum wages for all hours worked, plus an equal amount as a penalty/liquidated damages, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Antonio Cabello Martorell, demands the entry of a judgment in his favor and against Defendants, All Miami Investment Inc. and Miguel Zaldivar, jointly and severally after trial by jury and as follows:

    a. That Plaintiff recover compensatory minimum wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b) – or interest on the unpaid wages if no liquidated damages are awarded;

    b. That Plaintiff recover pre-judgment interest on all unpaid minimum wages if the Court does not award liquidated damages;

    c. That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

    d. That Plaintiff recover all interest allowed by law;

    e. That Defendants be Ordered to make Plaintiff whole by providing appropriate minimum wage pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

    f. That the Court declare Defendants to be in willful violation of the overtime provisions of the FLSA; and

    g. Such other and further relief as the Court deems just and proper.

### COUNT II – FLSA OVERTIME WAGE VIOLATION(S)

Plaintiff, Antonio Cabello Martorell, reincorporates and re-alleges paragraphs 1 through 23

5

as though set forth fully herein and further alleges as follows:

28. Plaintiff regularly worked more than 40 hours per week for Defendants.

29. Defendants failed and refused to pay Plaintiff overtime wages calculated at time and one-half times his regular hourly rate (of at least the applicable Florida minimum wage) for all of the hours worked over 40 hours in a given workweek.

30. Defendants either recklessly failed to investigate whether their failure to pay Plaintiff an overtime wage for the hours he worked during the relevant time period violated the Federal Wage Laws of the United States, they intentionally misled Plaintiff to believe that Defendant were not required to pay him overtime, and/or Defendants concocted a scheme pursuant to which it deprived Plaintiff the overtime pay he earned.

31. Plaintiff is entitled to a backpay award of overtime wages for all overtime hours worked at one and one-half times his regular rate of pay (of at least the applicable Florida minimum wage), plus an equal amount as a penalty/liquidated damages, plus all attorneys' fees and costs.

WHEREFORE Plaintiff, Antonio Cabello Martorell, demands the entry of a judgment in his favor and against Defendants, All Miami Investment Inc. and Miguel Zaldivar, jointly and severally after trial by jury and as follows:

    a. That Plaintiff recover compensatory overtime wage damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b) – or interest on the unpaid wages if no liquidated damages are awarded;

    b. That Plaintiff recover pre-judgment interest on all unpaid overtime wages if the Court does not award liquidated damages;

    c.    That Plaintiff recover an award of reasonable attorneys' fees, costs, and expenses pursuant to the FLSA;

    d.    That Plaintiff recover all interest allowed by law;

    e.    That Defendants be Ordered to make Plaintiff whole by providing appropriate overtime wage pay and other benefits wrongly denied in an amount to be shown at trial and other affirmative relief;

    f.    That the Court declare Defendants to be in willful violation of the overtime provisions of the FLSA; and

    **g.**    Such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury of all issues so triable.

Dated this 21st day of August 2019.

        Respectfully Submitted,

        s/Brian H. Pollock, Esq.
        Brian H. Pollock, Esq.
        Fla. Bar No. 174742
        brian@fairlawattorney.com
        FAIRLAW FIRM
        7300 N. Kendall Drive
        Suite 450
        Miami, FL 33156
        Tel:   305.230.4884